**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY M. MILLER II,** | : | |
| 2820 Claude Drive | : | |
| Columbus, OH 43207 | : | Case No. 2:21-cv-4744 |
| | : | |
| **Plaintiff, for himself and all others similarly situated,** | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| vs. | : | |
| | : | **Jury Demand Endorsed Hereon** |
| **SBK DELIVERY, LLC,** | : | |
| c/o Registered Agent Samantha Kantor | : | |
| 5596 Lithopolis Winchester Rd | : | |
| Canal Winchester, OH 43110 | : | |
| | : | |
| **Defendant.** | : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

NOW COMES Plaintiff Timothy M. Miller II ("Plaintiff"), on behalf of himself and all others similarly situated, and proffers this Complaint for damages against Defendant SBK Delivery, LLC ("Defendant").

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Eastern Division of the Southern District of Ohio and Plaintiff performed his job duties primarily in the Eastern Division of the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Timothy M. Miller II is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. Defendant SBK Delivery, LLC is an Ohio limited liability company registered to do business in Ohio and conducts business primarily in the Eastern Division of the Southern District of Ohio.

7. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the FLSA and R.C. Chapter 4111.

8. At all times relevant herein, Defendant is and has been an employer as that term is defined by the FLSA and R.C. Chapter 4111.

9. At all times relevant herein, Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.00.

10. Upon information and belief, Defendant was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

11. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid compensation

under the FLSA. Plaintiff's consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendant's Pay Policies & Practices**

12. Defendant SBK Delivery, LLC is in the parcel delivery business. Defendant delivers packages on behalf of its clients to customers in central Ohio. Defendant provides or provided delivery services for Watco Supply Chain Services, Lasership, Need it Now, and others.

13. Defendant employs Delivery Drivers to carry out the services it provides.

14. Defendant operates out of a facility in Canal Winchester, Ohio.

15. Upon information and belief, Defendant employs more than 30 similarly situated Delivery Drivers at any given time. Delivery Drivers are responsible for delivering packages on behalf of Defendant's customers.

16. Delivery Drivers drive trucks or vans that weigh under 10,000 lbs.

17. Defendant classifies its Delivery Drivers as independent contractors.

18. However, Defendant exercised significant control over its Delivery Drivers. Defendant controlled the details of the job, the Delivery Drivers' schedules, training, compensation, supervision, and the manner and the method of the work Deliver Drivers performed.

19. Defendant invested more in its business operations and the work that the Delivery Drivers performed than the Delivery Drivers. Defendant provided the delivery truck and other necessary tools and equipment to its Delivery Drivers.

20. Defendant determined the degree to which the Delivery Drivers had an opportunity for profit or loss.

21. There was no special skill set required to become a Delivery Driver for Defendant. Defendant provided the training necessary for Delivery Drivers to perform their job and use the equipment and applications.

22. The employment relationship between Defendant and its Delivery Drivers was generally permanent. Delivery Drivers performed their job duties for Defendant continuously and/or for long periods of time. Delivery Drivers were unable to provide similar services to other employers due to the full-time nature of their positions working for Defendant.

23. Defendant controlled hiring and terminating the employment of Delivery Drivers.

24. Defendant's Delivery Drivers are not properly classified as independent contractors. Delivery Drivers are employees of Defendant.

25. Delivery Drivers are paid a percentage of the total route income received by Defendant each week.

26. Delivery Drivers regularly work more than 40 hours per week. However, they do not receive overtime compensation for hours worked in excess of 40.

**Plaintiff Miller's Employment Experience with Defendant**

27. Plaintiff Miller was employed by Defendant as a Delivery Driver between approximately October 2020 through July 9, 2021.

28. At all times, Plaintiff Miller was subject to the same pay policies and procedures as other Delivery Drivers that were classified as independent contractors.

29. Plaintiff Miller and other Delivery Drivers executed the same Independent Contractor Agreement.

30. At all times, Plaintiff Miller was not exempt from the overtime mandates of the Fair Labor Standards Act or Ohio law. The delivery vehicle Plaintiff Miller used to perform his job duties weighed 10,000 pounds or less.

31. Plaintiff Miller regularly worked over 40 hours in a single workweek.

32. Plaintiff Miller provided delivery services to Defendant's customers.

33. Plaintiff Miller would meet at a specified location each morning and interacted with other Delivery Drivers at the central location.

34. At all times relevant herein, Defendant failed to provide Plaintiff overtime compensation for hours worked in excess of 40.

35. Plaintiff and Defendant agreed that Plaintiff would receive a percentage of the total route income received by Defendant each week. Plaintiff did not receive the agreed percentage of total route income from Defendant.

### COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. -
### Failure to Pay Overtime

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Delivery Drivers who, during the previous three (3) years through the date of conditional certification, were classified as Independent Contractors, and performed delivery services for Defendant. ("FLSA Class Members")

38. Plaintiff and the FLSA Class Members were subject to the same payroll practices of not receiving overtime compensation for all hours worked in excess of 40 during a workweek.

39. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as his own in bringing this action.

40. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

41. In addition to Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide practice of misclassifying Delivery Drivers as Independent Contractors and failing to pay those Delivery Drivers overtime compensation for all hours worked in excess of 40 during a workweek.

42. Plaintiff and the SSPs were non-exempt employees.

43. Plaintiff and the SSPs frequently worked more than 40 hours per week.

44. Plaintiff and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek.

45. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving an overtime premium for all hours worked in excess of 40 per workweek.

46. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Plaintiff and the SSPs at an overtime premium rate for all hours worked in a workweek in excess of 40.

47. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following "Class":

> All current and former Delivery Drivers who, for the time period including two (2) years prior to the date of filing this Complaint through the date Class Certification is granted, were classified as Independent Contractors, and performed delivery services for Defendant. ("Rule 23 Class")

50. Plaintiff and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

51. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 40 current and former Delivery Drivers who have not been paid the correct overtime premium for all hours worked in a workweek in excess of 40.

52. Plaintiff is a member of the Rule 23 Class and his claim for unpaid overtime wages is typical of the claims of other members of the Rule 23 Class.

53. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

54. Plaintiff has no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

55. Plaintiff has retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

56. Questions of law and fact are common to the Rule 23 Class, including:

a. Whether Defendant violated the OMFWSA by misclassifying Delivery Drivers as Independent Contractors.

b. Whether Defendant violated the OMFWSA by failing to compensate, at the correct overtime premium rate, Delivery Drivers for all hours worked in a workweek in excess of 40.

c. Whether Defendant established its payroll policies/practices, knowing the policies/practices violated the law;

d. Which method should be used to calculate the overtime premium Plaintiffs and Rule 23 Class Members are entitled to receive;

e. Whether Defendant's violations were knowing and willful;

f. What amount of unpaid overtime compensation is owed to Plaintiff and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

g. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

60. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and his counsel are not aware of any pending litigation on behalf of any member of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.  Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

61. For Defendant's violation of O.R.C. 4111, Plaintiff and Rule 23 Class Members are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, interest, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### Breach of Contract (For Plaintiff Miller Only)

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. Plaintiff had an agreement with Defendant to receive a percentage of total route income each week after he performed his obligations under the agreement.

64. Plaintiff successfully performed his obligations under the agreement.

65. Defendant breached this agreement by failing to pay Plaintiff the agreed upon percentage of total route income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff and his counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $75,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating Plaintiff as the Rule 23 Class Representative, enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the Rule 23 Class the total amount of damages to which Plaintiff and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-

judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. As to <u>Count III,</u> an award of the agreed upon percentage of total route income for the Agreement between Plaintiff Miller and Defendant.

D. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Rhiannon M. Herbert (0098737)
(Rhiannon@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)