UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy M. Miller II,

    Plaintiff,

v.

SBK Delivery, LLC,

    Defendant.

Case No. 2:21-cv-4744

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

SBK Delivery, LLC ("Defendant") moves for summary judgment on Timothy M. Miller II's ("Plaintiff") overtime and breach-of-contract claims. Mot. Summ. J., ECF No. 81. Pertinent facts will be discussed within the analysis. For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must grant summary judgment if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and "on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986). The Court disregards "all evidence favorable to the moving party that the jury would not be required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (citation omitted). Summary judgment will "not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal citations and quotation marks omitted).

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact. *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

## II. ANALYSIS

Defendant does not move for summary judgment on the issue of whether it misclassified Plaintiff as an independent contractor. Rather, it moves for

summary judgment on Plaintiff's overtime claims on the basis that Plaintiff failed to raise a genuine dispute of material fact as to whether he worked overtime. Defendant also moves for summary judgment on the statute of limitations and liquidated damages issues, as well as on Plaintiff's breach-of-contract claim.

### A. Overtime Claims[1]

Defendant argues it is entitled to summary judgment on Plaintiff's overtime claims because Plaintiff admitted at deposition that he did not calculate his claimed overtime and could not identify specific weeks in which he alleges he worked overtime. Mot. Summ. J. 6, 14–16, ECF No. 81.

But Plaintiff has offered evidence that he did work more than forty hours a week at least once. Plaintiff points to data from an application called MileZero, which he used to track the deliveries he performed for Watco. Miller Decl. ¶ 6, ECF No. 85-5. When performing deliveries for Watco, Plaintiff would log into the MileZero app before starting his route and use it to scan each package as he loaded it onto his truck. *Id.* ¶ 7. Then, after scanning and loading the packages, he would press a button labelled "Depart" and begin driving his delivery route. *Id.* ¶ 8. Plaintiff would again utilize the app at the location of each delivery to note the real-time delivery of each package. *Id.* ¶ 9. After indicating on the app that the last delivery was complete, the app would trigger a notice that the day's

---

[1] Although Defendant represents that Plaintiff has abandoned his state-law overtime claim, Mot. Summ. J. at 3, ECF No. 81, Plaintiff has not communicated any abandonment to the Court and moves for summary judgment partially on that claim, Mot. Partial Summ. J. 9, ECF No. 87.

delivery route was finished, and Plaintiff would then log out of the app while still at the final delivery location. *Id.* ¶ 10. Bradley Kantor ("Kantor"), the co-owner of Defendant, confirmed in his 30(b)(6) corporate representative deposition that Defendant's drivers who delivered for Watco were required to use the MileZero app for their deliveries. Kantor Dep. 53:9–15, ECF No. 85-1.

The MileZero data submitted by Plaintiff shows that he worked more than forty hours in at least one workweek during the statute of limitations. For example, from October 19, 2020, through October 23, 2020, it shows that Plaintiff worked a total of forty-five hours and twenty-two minutes. Resp. Ex. Q at lines 2242–2246 (column G), ECF No. 87-17.[2] This evidence that Plaintiff worked some overtime is sufficient to deny this portion of Defendant's motion for summary judgment.

## B. Statute of Limitations

Although the FLSA contains a two-year statute of limitations, Plaintiff may recover for an extra year in the case of willful violations. 29 U.S.C. § 255(a). An "FLSA violation is willful if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002) (internal quotation marks and citation omitted). "An employer who merely acts

---

[2] The flash drive associated with ECF No. 87-17 that was manually filed with the Clerk's Office was corrupted. Counsel emailed a readable version of the data to the Undersigned's staff.

unreasonably or negligently towards an employee in violation of the FLSA, however, does not act willfully." *Lopez-Gomez v. Jim's Place, LLC*, No. 2:14-cv-2309-JPM, 2015 WL 4209809, at *6 (W.D. Tenn. July 10, 2015) (citing *Elwell*, 276 F.3d at 841 n.5) (additional citations omitted).

Defendant argues it is entitled to the application of a two-year statute of limitations because Plaintiff has failed to raise a genuine dispute of material fact as to whether any misclassification was willful. Mot. Summ. J. 13, ECF No. 81.

In support of its motion, Defendant provides the Kantor declaration. Kantor declared under penalty of perjury that he worked as a delivery driver prior to starting Defendant. Kantor Decl. ¶ 7, ECF No. 78-1. He was classified as an independent contractor when he worked as a delivery driver, and he thought it was the industry standard to classify delivery drivers as independent contractors. *Id.* Kantor believed that other logistics companies classified their drivers as independent contractors, *id.*, and the attorney he hired to review the independent contractor agreement raised no concerns about classifying Defendant's drivers as independent contractors, *id.* ¶ 9. Furthermore, no driver had ever complained of not receiving overtime, and there have been no prior FLSA complaints or lawsuits against Defendant regarding overtime. *Id.* ¶¶ 8–9. For each of these reasons, Defendant contends there is no genuine dispute of material fact as to willfulness.

Plaintiff counters that Defendant should have known that it was misclassifying its delivery drivers by at least April of 2020, when Defendant

contracted to provide drivers to Amazon, and Amazon required that those drivers be treated as employees. Resp. 12, ECF No. 97 (citing Kantor Dep. 12:9–13:7, ECF No. 87-1). Plaintiff also argues that, although Kantor hired an attorney to draft the independent contractor agreement, Kantor did not ask for legal advice on the threshold issue of classification. Plaintiff contends that Defendant's failure to ask his attorney whether it was proper to classify the drivers as independent contractors shows at least a reckless disregard of the violation, and the lack of prior complaints or enforcement actions is irrelevant to whether the at-issue classifications were improper. Resp. 12–13, ECF No. 97.

"Whether a defendant willfully violated the FLSA is a factual question." *Walsh v. KDE Equine, LLC*, 56 F.4th 409 (6th Cir. 2022) (citation omitted). But, here, the Court finds Defendant is entitled to summary judgment on the issue of willfulness.

First, because only Plaintiff's claims remain, the dispute appears to be irrelevant. Plaintiff began working for Defendant in October 2020. Miller Decl. ¶ 2, ECF No. 87-5. Because the Complaint was filed in September of 2021, *see* ECF No. 1, there would be no additional violations for Plaintiff even if the Court applied a three-year statute of limitations.

Second, regardless of whether the Court (or a trier of fact) ultimately determines that Defendant misclassified Plaintiff as an independent contractor, Plaintiff has not offered any evidence creating a dispute of fact that Defendant *knew* or *recklessly disregarded* the fact that its classification might be improper.

Indeed, in attempting to raise a genuine dispute of material fact as to whether Defendant's "misclassification"[3] was willful, Plaintiff relies on the fact that Defendant learned in April 2020 that Amazon would require its supplied delivery drivers to be classified as employees. But Plaintiff's argument is premised on the idea that Defendant's drivers for Amazon and the drivers it continued to classify as independent contractors performed the same duties under the same circumstances, leading to the conclusion that it was therefore willful to continue classifying *any* delivery driver as an independent contractor after April 2020.

In support of this premise, Plaintiff cites Kantor's 30(b)(6) deposition at pages 12–13, in which he testifies to the exact opposite. Kantor Dep. 12:9–13:24, ECF No. 85-1 (testifying both that the Amazon drivers' jobs differ from the other delivery drivers' jobs and that the "actual delivery work duties" vary between Amazon drivers and other delivery drivers). Accordingly, Plaintiff has failed to show that the fact that Amazon required its drivers to be treated as employees suggests that Defendant's continued classification of its other drivers as independent contractors was willful.

As just shown, Plaintiff has not produced evidence that Defendant acted willfully. This is enough to award summary judgment to Defendant. But, in addition, Defendant has offered evidence that it did *not* act willfully. Indeed, the record on summary judgment contains evidence that Defendant had not been

---

[3] The Court uses quotations only because no finding of misclassification has yet been made.

made aware of any complaints regarding overtime, or any prior enforcement actions or lawsuits about the same. Kantor Decl. ¶¶ 8–9, ECF No. 78-1. Kantor stated that, in deciding to classify his drivers as independent contractors, he relied on his own prior experience of being classified as an independent contractor when he was a delivery driver as well as his view that it was the industry's custom and practice. *Id.* ¶ 7. For the reasons explained above, Plaintiff's Amazon argument fails to contradict this evidence.

Defendant's evidence shows there is no genuine dispute of material fact as to whether Defendant knowingly or recklessly misclassified his drivers, where Plaintiff has put forth no other evidence demonstrating willfulness.

Accordingly, for these reasons, the Court grants this portion of Defendant's motion for summary judgment. If Defendant is ultimately found liable, only a two-year statute of limitations will apply.

## C. Liquidated Damages

Defendant argues that it is entitled to summary judgment on the liquidated damages issue for the same reason it is entitled to summary judgment on the statute of limitations issue: any violation was not willful. Mot. Summ. J. 14, ECF No. 81. The Court disagrees because the statute of limitations and liquidated damages analyses employ different standards.

Liquidated damages are the default for FLSA violations. 29 U.S.C. § 216(b) ("An employer who violates the provisions of section . . . 207 of this title shall be liable to the employee or employees affected in the amount of their

unpaid . . . overtime compensation . . . and in an additional equal amount as liquidated damages."). Indeed, liquidated damages are considered "compensation, not a penalty or punishment." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (internal quotation marks and citations omitted)).

A mere finding that Defendant's violation was not willful does *not* necessarily mean that liquidated damages are unavailable. Instead, a defendant must "show[] to the satisfaction of the court that the act . . . giving rise to such action was in good faith and that he had reasonable grounds for believing that his act . . . was not a violation of the [FLSA]" before a court may exercise its discretion to limit or preclude liquidated damages. 29 U.S.C. § 260; *see also id.* (internal quotation marks and citations omitted); *Martin v. Indiana Mich. Power Co.*, 381 F.3d 574 (6th Cir. 2004) (citations omitted). "To prove that it acted in good faith, an employer must show that it took *affirmative steps* to ascertain the [FLSA's] requirements, but nonetheless violated its provisions." *Martin*, 381 F.3d at 584 (cleaned up) (emphasis added). The defendant's burden is "substantial[,]" and even negligent violations warrant liquidated damages. *Elwell*, 276 F.3d at 840, 841 n.5 ("[A]n employer who acted negligently—but not willfully—in violating the FLSA would not be able to satisfy the objective standard of reasonableness required to demonstrate good faith." (citation omitted)); *Martin*, 381 F.3d at 584 ("[A]n employer who negligently misclassifies an employee as exempt is not acting in good faith." (citation omitted)). In other words, "demonstrating good

faith requires more than the absence of intent or knowledge." *Solis v. Min Fang Yang*, 345 F. App'x 35, 39 (6th Cir. 2009).

Here, Defendant has not met its substantial burden of demonstrating as a matter of law that it acted in good faith and with a reasonable basis. To reiterate, to show good faith, Defendant relies on the lack of prior FLSA complaints or enforcement actions, the fact that an attorney drafted the independent contractor agreement, and Kantor's own history of being classified as an independent contractor delivery driver/Kantor's belief as to the industry norm.

First, the mere absence of prior complaints or enforcement actions does not warrant finding that Defendant acted good faith and had a reasonable basis to classify the delivery drivers as independent contractors. *Elwell*, 276 F.2d at 841 n.4 ("The absence of prior Department of Labor enforcement activity by itself, however, is not sufficient to establish the employer's good faith and reasonable grounds for believing that its actions were compliant with the FLSA.").

Second, Defendant's use of a lawyer to draft the independent contractor agreement does not amount to good faith regarding the underlying decision to treat the delivery drivers as independent contractors. Kantor admitted in his deposition that, although he asked the attorney to draft a contract, he did *not* consult the attorney regarding the threshold classification issue. Kantor Dep. 63:23–64:2, ECF No. 87-1 ("Q. I want to focus on what was discussed regarding whether your delivery drivers are properly classified as independent contractors. A. I don't think that ever came up.").

Defendant argues that the attorney had an ethical obligation to notify Defendant if the attorney believed there was a legal error in classifying drivers as independent contractors. Reply 5, ECF No. 103. This argument is notably unsupported by any evidence that the attorney even knew the underlying facts regarding the driver's working conditions, let alone any case law suggesting that reliance on an attorney's silence amounts to good faith. Accordingly, the Court is not persuaded that Defendant's use of an attorney to draft an agreement in accordance with a classification decision Defendant had already made shows Defendant acted in good faith when making that classification decision.

Thus, it comes down to whether Kantor's prior experience as a delivery driver and belief that other companies classified their delivery drivers as independent contractors means that he acted in good faith and with a reasonable basis for classifying his own delivery drivers as independent contractors. See Kantor Dep. 59:20–63:7, ECF No. 87-1 ("Q. Other than consulting with other contractors within package delivery companies, other than consulting with [the attorney], did you do any other independent analysis of whether [Defendant's] delivery drivers were properly classified as independent contractors? A. No.").

This Court has held that "simple conformity with industry-wide practice fails to demonstrate good faith under the FLSA." E.g., Solis v. Cascom, Inc., No. 3:09-cv-257, 2011 WL 10501391, at *7 (S.D. Ohio Sept. 21, 2011) (internal quotation marks and citations omitted) (collecting cases); see also Lopez-Gomez v. Jim's Place, LLC, No. 2:14-cv-2309-JPM, 2015 WL 4209809, at *6 (W.D.

Tenn. July 10, 2015) ("Mere conformity with industry-wide practices also fails to establish good faith." (citing *Solis*, 2011 WL 10501391, at *7)). Moreover, in this case, Defendant's evidence does not warrant summary judgment. For example, although Kantor testified at deposition that he "knew of and talked to" other companies that classified their delivery drivers as independent contractors, his testimony was vague on the point. See Kantor Dep. 59:20–61:16, ECF No. 87-1. He does not identify when those discussions took place, he states that he "may not have had that direct conversation," and he acknowledges that there were some companies he did not speak to on the issue. *Id.* This leaves unanswered whether Kantor had these discussions before deciding to classify his drivers as independent contractors as well as whether he discussed with the other companies the specific job duties of their delivery drivers (or whether the other companies' classifications were based on legal advice, etc.), in order to determine the reasonableness of Defendant utilizing the same classification as the other companies. It is also unclear from the deposition testimony whether Defendant's conversations were functionally any different than merely relying on industry standard, which the Court showed above is legally insufficient to avoid liquidated damages.

The Court does not suggest that Plaintiff is necessarily entitled to liquidated damages upon proving a violation, *cf. Davis v. Richland Maint., Inc.*, No. 13-cv-15187, 2015 WL 8958883, at *9 (E.D. Mich. Dec. 16, 2015) (basing finding of good faith partly on conversations with other business owners), but it

concludes that Defendant is not entitled to judgment as a matter of law based on the deposition testimony. Defendant's request for summary judgment as to the availability of liquidated damages is therefore denied.

### D. Breach of Contract

Plaintiff's breach-of-contract claim alleges that Plaintiff had a contract with Defendant that entitled Plaintiff to "a percentage of total route income each week" but that Defendant breached the same by "failing to pay Plaintiff the agreed upon percentage of total route income." Compl. ¶¶ 63–65, ECF No. 1.

Defendant argues it is entitled to summary judgment on Plaintiff's breach-of-contract claim because Plaintiff admitted at deposition that he was not aware of what deductions were improperly taken from his paycheck and could not identify a specific paycheck that was allegedly incorrect. Mot. Summ. J. 17, ECF No. 81.

It is true that Plaintiff testified to lacking knowledge as to whether he was properly paid his contractual rate; he testified that, because Defendant failed to provide him with its income from his routes, he was unable to calculate whether he was properly paid his contractual rate. Miller Dep. 36:15-18, ECF No. 56 ("I'm not sure if they were paying us 50 percent. They would never let us know how much the whole route made for us to get 50 percent of the route.").

Nonetheless, other evidence precludes summary judgment for Defendant on this claim. Plaintiff's contract states that Plaintiff shall be paid fifty percent of "total route income for the just elapsed weekly period[.]" Contract ¶ 2, ECF No.

85-3. It further states that the meaning of the phrase "total route income" was explained outside the four corners of the contract, *id.* ¶ 2, and, for purposes of this litigation, Defendant defined "total route income" as "the payment made by clients to Defendant for delivery of packages." Def. Resp. to Interrogatories 24, ECF No. 87-2 at PAGEID # 1176.

Plaintiff submitted payment records from the Master Contractors ("MCs") for whom Plaintiff delivered packages on behalf of Defendant to Defendant, covering Plaintiff's deliveries. Resp. Exs. C–E, ECF Nos. 97-3, 97-4, 97-5. Plaintiff further submitted his pay records from Defendant. Mot. Summ. J. Ex. 4, ECF No. 85-4. Plaintiff also submits a summary exhibit,[4] which summarizes both the payments Defendant received from the MCs for Plaintiff's deliveries and the payments Plaintiff received from Defendant for those deliveries. Resp. Ex. F, ECF No. 97-6.

The summary exhibit shows that Defendant received a total of $48,025.88 from the MCs for Plaintiff's deliveries, but Plaintiff received only $23,156.29 from Defendant for those same deliveries. Resp. Ex. F, ECF No. 97-6. Thus, Plaintiff

---

[4] Defendant does not explicitly object to Ex. F, but it does refer to its motion to strike a different summary chart not at issue here. Even if Ex. F would not be admissible in evidence at trial, nothing prohibits Plaintiff from relying on it at this stage, so long as it is an accurate summary and the material it summarizes could be presented at trial in an admissible form (*i.e.*, the original records). See Fed. R. Civ. P. 56(c)(2). Defendant makes no argument that Ex. F is an inaccurate summary or that the same information could not be presented in an admissible form at trial. Accordingly, any challenge to the Court's consideration of Ex. F is denied.

received less than 50% of the "total route income," which would have been $24,012.94.

In its reply, Defendant argues that the difference "could" be attributed to Defendant earning income for deliveries originally assigned to Plaintiff but actually made by a different delivery driver due to Plaintiff's inability to complete a route. Reply, ECF No. 103.

In some sense, Defendant's argument seems to be the very definition of a genuine dispute of material fact. In another sense, Defendant seems to be arguing that it is entitled to summary judgment on the breach-of-contract claim because Plaintiff has not offered evidence that Plaintiff performed all of the duties under the contract that would entitle Plaintiff to the full 50% of the amount Defendant received from the MC. Read that way, Defendant's argument could have teeth. Unfortunately, Defendant raised it for the first time in its reply brief, and the Court therefore does not consider it. Defendant is free to argue at trial that the difference in payment is due to factors other than a breach of contract, or that Plaintiff ultimately does not prove that he performed all of his contractual obligations, but it is not entitled to summary judgment on the claim.

### III.  CONCLUSION

For the reasons addressed above, Defendant's motion for summary judgment is **GRANTED** as to the statute of limitations issue but **DENIED** in all other respects. The Court will rule on Plaintiff's motion for summary judgment in a separate Opinion and Order.

The Clerk shall terminate ECF No. 81 as a pending motion.

**IT IS SO ORDERED.**

*[signature: Michael H. Watson]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**